IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CORESTATES CONSTRUCTION SERVICES, INC., | § § § § | NO. 1:22-CV-898-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| RED BEARD EXCAVATORS, LLC, | § § § | |
| Defendant. | § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING
MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S. Magistrate Judge Mark Lane. (Dkt. # 40.) On September 3, 2024, the Court referred Plaintiff CoreStates Construction Services, Inc.'s ("Plaintiff" or "Corestates") Amended Motion for Default Judgment (Dkt. # 29) to Magistrate Judge Lane. Magistrate Judge Lane filed his Report and Recommendation (the "Report") on December 5, 2024. Objections to the Report were due within 14 days after being served with a copy.[1] Neither party filed any objections to the Report.

---

[1] Despite failing to enter an appearance in this case, the Court requested that Defendant be served a copy.

BACKGROUND

The Court will recite the facts as stated by the Magistrate Judge. Plaintiff brought this breach of contract claim based on diversity jurisdiction against Defendant, Red Beard Excavators, LLC ("Defendant"). (Dkt. 1.) Plaintiff seeks to recover damages for the breach of four separate subcontract agreements ("the Subcontracts"). (Id.; Dkt. # 29.) The Defendant was served (Dkt. # 4), but it did not answer.

At Plaintiff's request, the Clerk's Office entered an amended entry of default against Defendant. (Dkt. # 27.) On August 30, 2024, Plaintiff moved for entry of default judgment in an amended motion against Defendant. (Dkt. # 29.) The Court thereafter referred that motion to Magistrate Judge Lane. Plaintiff originally sought $3,301,620.61 in actual and liquidated damages plus prejudgment interest, court costs and attorneys fees. (Id. at 8.) According to Judge Lane's Report, Plaintiff now seeks only actual and liquidated damages in the sum of $3,024,138.61 due to Defendant's breach of the Subcontract Agreements. (Dkt. # 40.) Defendant did not respond to the motion.

On December 5, 2024, Magistrate Judge Lane entered his Report on the motion for default judgment, recommending that the Court grant Plaintiff's motion. (Dkt. # 40.) No objections were filed.

ANALYSIS

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation. The Court finds that the Magistrate Judge's conclusion is correct that Defendant has not entered an appearance in this case or otherwise responded, and that "[c]onsidering the relevant factors, default is procedurally warranted." (Dkt. # 40 at 4.) Additionally, the Magistrate Judge's conclusion that Plaintiff has demonstrated the elements of his claim and that "[n]o material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, there is no indication default was caused by good faith mistake or excusable neglect, default is not overly harsh, and there is no apparent reason that default would need to be set aside," along with the Magistrate Judge's calculation of damages are neither clearly erroneous nor contrary to law.

CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 40) as the opinion of the Court, and **GRANTS** Plaintiff's Amended Motion for Default Judgment (Dkt.

3

# 29).  It is **ORDERED** that Plaintiff is awarded actual and liquidated damages in the amount of $2,994,138.61.  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

      **IT IS SO ORDERED**.

      **DATED:** Austin, Texas, January 6, 2025.

_____
David Alan Ezra
Senior United States District Judge